# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GLEN TROGDON,

    *Plaintiff,*

vs.

CLARK COUNTY DETENTION CENTER, et al.

    *Defendants.*

2:09-cv-01574-RCJ-RJJ

ORDER

This *pro se* prisoner civil rights action comes before the Court for initial review under 28 U.S.C. § 1915A.

The original complaint (#1-1) in this matter was not signed. Plaintiff subsequently filed a purported amended complaint (#16) that, excepting the cover, consists only of a one-page amended prayer for relief, which is signed.

Plaintiff must sign every pleading filed. Further, plaintiff may not file piecemeal partial amended pleadings but instead must file a superceding amended pleading that fully sets forth all of the claims and requests for relief, as amended, in a single "stand alone" document. That is, under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in an amended complaint no longer will be before the Court.

Plaintiff therefore must file an amended complaint that sets forth all of his claims and requests for relief in a single document that then is signed by plaintiff. If plaintiff in future files

a piecemeal partial amended pleading in this case, the claims and allegations in that piecemeal partial pleading will be the only matters remaining before the Court. If the matters asserted in the piecemeal partial amended pleading are insufficient to state a viable claim, the action will be dismissed forthwith.

The Court will screen the second amended complaint filed in response to this order. In the meantime, the Court notes the following substantial defects in the papers submitted.[1]

First, the Clark County Detention Center and the Lovelock Correctional Center do not constitute viable defendants. Plaintiff can sue a natural person or a juridical person such as a corporation or a municipality. He may not sue, however, a building or a correctional facility, which are not juridical persons subject to suit. The Court therefore will dismiss the Clark County Detention Center and the Lovelock Correctional Center as defendants.

Second, in the listing of defendants starting on page 2 of the complaint form, plaintiff must name only one defendant for each numbered paragraph. For example, in paragraph number 3, plaintiff identifies the defendant as "Clark County" and then continues that the defendant is employed as "Commissioners, *et al.*, Chris Giunchigli." Plaintiff may not name multiple defendants in one numbered paragraph on the form. If plaintiff is seeking to name Clark County as a defendant, he must use only one numbered paragraph on the form. If he also is seeking to name an individual commissioner, such as Commissioner Chris Giunchigliani, he must use a separate numbered paragraph on the form to name that defendant.

Third, plaintiff may not name defendants within the body of a complaint generically with an "et al." designation. The "et al." designation may be used only in the caption to refer, in the caption, to additional defendants *who are named or identified in the body of the complaint.*

Fourth, plaintiff has filed a memorandum (#14) seeking to argue claims that do not appear to be presented in any pleading filed in this action. In order to present claims for relief

---

[1] The Court does not note all potential defects in the papers presented. The matter, again, will be fully screened after plaintiff has filed a signed and properly presented initial pleading.

in this action, plaintiff must comply with the provisions of Rule 15 of the Federal Rules of Civil Procedure and Local Rule LR 15-1 to amend the complaint. Any filings that seek to present, argue, and/or pursue claims that are not contained within a properly-filed amended complaint pursuant to Rule 15 and Local Rule LR 15-1 will be disregarded and further may be expressly stricken, regardless of whether presented or styled as a notice, letter, memorandum, motion or other paper. The only claims that will be considered herein are those presented in a properly-filed amended complaint.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the unsigned original complaint (#1-1), designating the filing as an original complaint to distinguish it from the amended complaint (#16), and that all claims against the Clark County Detention Center and the Lovelock Correctional Center are DISMISSED without prejudice for failure to name a viable defendant.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, plaintiff shall mail to the Clerk for filing a signed second amended complaint on the Court's required Section 1983 complaint form that is complete in itself and that asserts all of plaintiff's claims, allegations, and requests for relief within a single document.

IT FURTHER IS ORDERED that plaintiff further shall clearly title the amended complaint as an amended complaint by placing the words "SECOND AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:09-cv-01574-RCJ-RJJ, above the word "SECOND AMENDED" in the space for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

The Clerk of Court shall provide plaintiff with a copy of the original and first amended complaints (## 1-1 & 16) that he submitted together with two copies of a Section 1983 complaint form and one copy of the instructions for same.

////

The action will be dismissed without further advance notice if plaintiff fails to both fully and timely comply with this order.

The Court will screen the second amended complaint filed by plaintiff before ordering any further action in the case.

DATED: This 24th day of June, 2010.

_____
ROBERT C. JONES
United States District Judge