

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GLEN TROGDON,

    *Plaintiff,*

vs.

CLARK COUNTY DETENTION CENTER, *et al.*

    *Defendants.*

2:09-cv-01574-RCJ-RJJ

ORDER

This *pro se* prisoner civil rights action comes before the Court for initial review under 28 U.S.C. § 1915A of the amended pleadings (## 19 & 20) filed.

At the very outset, plaintiff has failed to comply with the Court's prior order and Local Rule LR 15-1. Plaintiff filed an original complaint that was not signed, and he then subsequently filed a one-page amended prayer for relief, which was signed. The Court gave plaintiff an opportunity to file a signed amended complaint in a single document. The Court instructed and directed:

> . . . "[P]laintiff may not file piecemeal partial amended pleadings but instead must file a superceding amended pleading that fully sets forth all of the claims and requests for relief, as amended, in a single "stand alone" document. That is, under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. . . . .
>
> Plaintiff therefore must file an amended complaint that sets forth all of his claims and requests for relief in a single document that then is signed by plaintiff. . . . .
>
> . . . . .

> IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, plaintiff shall mail to the Clerk for filing a signed second amended complaint on the Court's required Section 1983 complaint form that is complete in itself and that asserts all of plaintiff's claims, allegations, and requests for relief within a single document.
>
> . . . . .
>
> The action will be dismissed without further advance notice if plaintiff fails to both fully and timely comply with this order.

#17, at 1, 3 & 4.

On July 7, 2010, plaintiff filed a pleading titled as a "Second Amended Complaint" against three defendants from the Lovelock Correctional Center ("Lovelock").

On August 23, 2010, plaintiff filed two signed pleadings at the same time, both titled a "Second Amended Complaint." The first pleading, designated "Part 1," seeks to bring claims against a number of Clark County, Nevada defendants. The second pleading, designated "Part 2," seeks to bring claims against a number of Lovelock defendants. The two pleadings otherwise are substantially similar, as plaintiff is seeking damages and equitable relief concerning alleged inadequate medical care over a period of time while he was in custody at Lovelock and the Clark County Detention Center (CCDC).

Plaintiff must file his claims in one single pleading. He may not file a pleading against one set of defendants and another pleading against another set of defendants. He instead must file all of his claims against all defendants in a single pleading.

The Court will give plaintiff one more chance to file a single amended complaint presenting his claims against all defendants named. If plaintiff again fails to comply with the Court's orders to file a single pleading, the Court will dismiss this action without any further advance notice for failure to comply with the orders of the Court.

In order to move this matter forward, the Court additionally notes that plaintiff otherwise fails to state a claim upon which relief may be granted in the defective pleadings presented.

Plaintiff alleges that he injured his hips, back, spine and head when he fell from a top bunk in 2001 while in custody, apparently at CCDC. He further alleges that he is diabetic. Plaintiff alleges that he has numbness through his body, no feeling in his arms and legs, and

"permit [sic] brain damage. He alleges that one or more of the defendants did not order that he be given a bottom bunk; did not order a "complete" x-ray, cat-scan or MRI of his hips, back head and spine; did not order surgery for his unspecified condition; and otherwise did not provide adequate medical care for his condition. The largely conclusory allegations of the pleadings allege deliberate indifference, negligence and medical malpractice.

In order to recover from a defendant for inadequate medical care under either the Eighth and Fourteenth Amendments, plaintiff must present factual allegations tending to establish that the defendant knew of and disregarded an excessive risk to inmate health or safety. *See,e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The defendant both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff must show that the official was "(a) *subjectively aware* of the serious medical need and (b) failed adequately to respond." *Id.* (quoting prior authority, with emphasis in original). Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference. *See,e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds, WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989).

Plaintiff's conclusory allegations establish little more than that plaintiff is not satisfied with the quality of the medical care that he has received. Allegations only of negligent medical care or malpractice do not state a claim under the Eighth and Fourteenth Amendments. Moreover, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). Bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.* The factual allegations presented must permit the court to infer more than the mere possibility of misconduct. 129 S.Ct. at 1949-50. Thus, in this case, plaintiff must present allegations of actual fact tending to establish – *as to each defendant named* – that each

1  defendant individually was subjectively aware of a serious medical need and then failed to
2  adequately respond.

3  Further, given that plaintiff is discussing events over a nine-year period, plaintiff must
4  allege when each defendant acted or failed to act.

5  As to the Lovelock defendants, plaintiff may not recover monetary damages, as
6  opposed to injunctive or declaratory relief, from state official defendants in their official
7  capacity. First, claims for monetary damages from the individual state officer defendants in
8  their official capacity are barred by state sovereign immunity under the Eleventh Amendment.
9  See, e.g., Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Cardenas v. Anzal, 311 F.3d 929,
10  934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for monetary
11  damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983. See Will v.
12  Michigan Dept. of State Police, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105
13  L.Ed.2d 45 (1989). Plaintiff may pursue claims for injunctive and declaratory relief from state
14  officer defendants in their official capacity, however.

15  As to both the Lovelock and Clark County defendants, plaintiff may not recover from
16  a defendant in his individual capacity based solely upon supervisory responsibility. There is
17  no respondeat superior liability under § 1983, and an allegation of inadequate supervision
18  thus is insufficient to establish supervisory liability. A supervisor may be held liable in his
19  individual capacity only if he was personally involved in the constitutional deprivation or a
20  sufficient causal connection existed between his unlawful conduct and the constitutional
21  violation. See, e.g., Jackson v. City of Bremerton, 268 F.3d 646, 653 (9th Cir. 2001).

22  Finally, plaintiff should note that his handwriting is barely legible. Plaintiff shall not use
23  all capital lettering and small print.

24  IT THEREFORE IS ORDERED that the complaint, as amended, is DISMISSED without
25  prejudice for failure to state a claim upon which relief may be granted and for failure to comply
26  with the order and local rules of the Court.

27  IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, plaintiff
28  shall mail to the Clerk for filing a signed third amended complaint on the Court's required

1  Section 1983 complaint form that is complete in itself and that asserts all of plaintiff's claims,
2  allegations, and requests for relief – against all defendants – within a single pleading.

3  IT FURTHER IS ORDERED that plaintiff further shall clearly title the amended
4  complaint as an amended complaint by placing the words "THIRD AMENDED" immediately
5  above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number,
6  2:09-cv-01574-RCJ-RJJ, above the word "THIRD AMENDED" in the space for "Case No."
7  Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without
8  reference to prior filings. Any allegations, parties, or requests for relief from prior papers that
9  are not carried forward in the amended complaint no longer will be before the Court.

10  The Clerk of Court shall provide plaintiff with a copy of the second amended complaints
11  (## 19 & 20) that he submitted together with two copies of a Section 1983 complaint form.

12  If plaintiff fails to timely mail a third amended complaint to the Clerk for filing that
13  complies with the orders of the Court and that corrects the deficiencies identified herein, a
14  final judgment will be entered dismissing this action.

15  The Court will screen any third amended complaint filed before ordering any further
16  action in the case.

17  DATED: December 27, 2010

20  ROBERT C. JONES
    United States District Judge